IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RAYMOND DAY and**
**RAYMOND DAY AND SONS**                                        **PLAINTIFF**

VS.                                          NO:4:08CV00175

**FARMERS MUTUAL HAIL**
**INSURANCE COMPANY OF IOWA**                                   **DEFENDANT**

## ORDER

Pending is Plaintiff's motion to change divisions. (Docket #12). Plaintiff originally filed this action in the Circuit Court of Desha County, Arkansas. Defendant removed the action to the Eastern District of Arkansas, Western Division, based on diversity jurisdiction[1]. Plaintiff requests that the Court transfer the case to the Pine Bluff Division. Defendant objects to the transfer.

Defendant contends that Plaintiff waived the right to challenge venue by failing to object to the removal of this case. The Court finds that the change of venue is controlled by the factors set forth in 28 U.S.C. §1404(a). Plaintiff's complaint states a cause of action to recover on a policy of crop-hail insurance for alleged hail damage to his cotton crop in Desha County, Arkansas. The Plaintiff is a resident of Desha County, Arkansas.

28 U.S.C. §1404 (a) allows the Court to transfer an action to any other district or division

---

[1] By order entered on this date the Court consolidated this case with Case Nos. 4:08CV3813 and 4:08CV3812. These cases were originally filed in Lincoln County, Arkansas and removed to the Western Division of this Court. Lincoln and Desha counties are located in the Pine Bluff Division of the Court.

in which it might have been brought for the convenience of parties and witnesses and in the interest of justice.  "In order to show that transfer is proper, the [movant] must establish that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer is for the convenience of the parties and witnesses and promotes the interests of justice". *Arkansas Right to Life State Political Action Committee v. Butler*, 972 F. Supp. 1187, 1193 (W.D. Ark. 1997).

Defendant bears the burden of proving the alternate forum is more convenient than the one chosen by the plaintiff. *Butler*, 972 F.Supp. at 1193.  In doing so, the defendant must overcome the general principle that the plaintiff's choice of forum should be disturbed only if the balance of convenience strongly favors the defendant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  "Plaintiff's choice of forum is given 'great weight' and should rarely be disturbed." *Butler,* 972 F.Supp. at 1194.

Based upon these facts the Court finds that the balance of convenience strongly favors the Pine Bluff division over the Western division. Plaintiff lives in the Pine Bluff division and filed his suit in that division,  "[s]ince venue is a procedural rule of convenience, the convenience of the aggrieved party should be first accommodated."  *Gardner Engineering Corp. v. Page Engineering Co.,* 484 F.2d 27, 33 (8th Cir. 1973).  Accordingly, Plaintiff's motion to transfer is granted.  The Clerk of the Court is directed to transfer this action to the Pine Bluff Division of this Court.

IT IS SO ORDERED this 15th day of December, 2008.

James M. Moody
United States District Judge