IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


**ROBERTSON BROTHERS**
**FARMS, ET. AL.**                                                                                    **PLAINTIFF**


VS.                    NO.  5:08CV0332 JMM - LEAD CASE
                       Consolidated with 5:08CV00333 & 5:08CV00334


**FARMERS MUTUAL HAIL**
**INSURANCE COMPANY**                                                                  **DEFENDANT**

**ORDER**

This case is currently set for trial to begin the week of June 28, 2010.  Defendant Farmers Mutual Hail Insurance Company ("Farmers Mutual") has filed a motion for separate trials. (Docket # 85).  Plaintiffs have responded.

Eighteen plaintiffs brought actions for breach of an insurance contract seeking to recover on insurance policies sold to them by Farmers Mutual.  The plaintiffs claim that on September 24-25, 2005, they sustained a covered loss due to hail damage.  The plaintiffs also make claims for bad faith.  Farmers argues that the individual claims will require individualized evidence and are subject to different defenses.  Thus, Farmers asks the Court to order separate trials.

Rule 42(b) of the Federal Rules of Civil Procedure empowers the district court in exercising its discretion, to order separate trials in a number of instances. The rule provides:

> (b) Separate Trials.  For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R.Civ.P. 42(b).

The Court finds that in furtherance of convenience and to avoid prejudice, the claims in this case should be severed. The first trial, which will begin the week of June 28, 2010 will be on the claims of Robertson Brothers Farms, Round Lake Planting Company, DE & K Farms Partnership, R & J Farms Partnership, by partner Ricky Downen and Leo Bottoms. Each of these plaintiffs filed an initial notice of loss and did not file withdrawals. The Court will allow the plaintiffs to present the liability issue to the jury after which the jury will hear evidence of each individual Plaintiff's damages separately. Summary judgment will be addressed by separate order.

Plaintiffs' John Abbott and McGehee Bank and John Clower, as Trustees for the Mildred Clower Sharp GST Exempt Trust will be tried together at a date to be set by the Court. Summary judgment as to these plaintiffs will be addressed by separate order.

Plaintiffs' Allan Rands; H & S Farms Partnership, by partner Shawn Spainhouer; H.D. & Carolyn Spainhouer Farms, by partner H.D. Spainhouer; L & S Farm Partnership, by partner Larry Petty; Ken C. Holt, Jr. Farm Partnership, by partner Kenneth Holt, Jr; David Cox, doing business as David Cox Farms; Steve Stevens, doing business as S & D Farms; C.B. Stevens Farms, Inc.; Vonda Stevens Kirkpatrick, doing business as Rondo Farms; Jonathan Older, doing business as Jonathan Older Farms; and, Kirk Hill will be tried together at a date to be set by the Court. Summary judgment as to these plaintiffs will be addressed by separate order.

Wherefore, Defendant's motion to sever or for separate trials is GRANTED as stated herein.

IT IS SO ORDERED this 18th day of May, 2010.

_James M. Moody_
James M. Moody
United States District Judge