IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


**ROBERTSON BROTHERS**
**FARMS, ET. AL.**                                                                                      **PLAINTIFF**


VS.              NO.  5:08CV0332 JMM - LEAD CASE
                 Consolidated with 5:08CV00333 & 5:08CV00334


**FARMERS MUTUAL HAIL**
**INSURANCE COMPANY**                                                                      **DEFENDANT**

**ORDER**

Pending is the motion in limine filed on behalf of Defendant Farmers Mutual Hail Insurance Company ("Farmers Mutual") to limit the testimony of Larry Earnest and Mike Foresman.  (Docket # 83).  Responses, replies and sur-replies have been filed.

Farmers Mutual challenges the testimony of Plaintiffs' experts Larry Earnest and Mike Foresman that hail caused damage to certain plaintiffs' crops.  Farmers Mutual argues that Earnest and Foresman have no expertise in the examination of mature cotton crops for the presence of hail damage and their testimony fails to meet the requirements of the Federal Rules of Civil Procedure and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

The Court finds Mr. Earnest qualified to render expert testimony on issues related to the cause of damage to the cotton at the Rohwer Research Center as a result of the Rita storms and as to the cause of damage to the cotton on R & J Farms based upon his review of photographs.  The Court will determine the admissibility of any further opinions of Mr. Earnest at the time of trial.

The Court denies the motion to exclude the testimony of Mr. Foresman.  Although Plaintiffs failed to strictly comply with Fed. R. Civ. P. 26, by providing a written report of Mr.

Foresman in these cases, Farmers Mutual was provided a Rule 26 report in the Day case and Mr. Foresman's opinions were discussed in detail in a deposition completed on November 17, 2008. Mr. Foresman's opinions will be limited to those disclosed to the Defendant in the previous report and discussed in the deposition.

Accordingly, Defendant's motion in limine is granted in part and denied in part as stated herein.

IT IS SO ORDERED this 26th day of May, 2010.

_____
James M. Moody
United States District Judge