IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


**ROBERTSON BROTHERS**
**FARMS, ET. AL.**                                                                              **PLAINTIFF**


VS.                    NO.  5:08CV0332 JMM - LEAD CASE
                       Consolidated with 5:08CV00333 & 5:08CV00334


**FARMERS MUTUAL HAIL**
**INSURANCE COMPANY**                                                                       **DEFENDANT**

**ORDER**

Pending is the first motion for summary judgment filed by Farmers Mutual Hail Insurance Company ("Farmers Mutual").  (Docket # 87).  Plaintiffs have filed a response, Farmers Mutual has filed a reply and Plaintiffs have filed a sur-reply.  The Court entered an Order on May 18, 2010 severing the trials in this case.  In this Order, the Court will address Farmers Mutual's first motion for summary judgment only with respect to the claims of Robertson Brothers Farms, Round Lake Planting Company, DE & K Farms Partnership, R & J Farms Partnership, by partner Ricky Downen and Leo Bottoms ("the first Plaintiffs").

Facts

In 2005, Plaintiffs each purchased a crop hail policy from Farmers Mutual (collectively, "the Policy").  The Policy was issued to Plaintiffs for the policy period including September 24-25, 2005.

The Agreement to Insure clause of the Policy states: "In consideration of the premium specified and subject to the policy provisions, [Farmers Mutual] does insure [Plaintiffs] against all direct loss by hail . . . to only the specified growing crops on the premises described, in the

amount and for the term, all as stated in the Declarations portion of this policy, effective from the date and hour fixed in the application."

The "Requirements in Case Loss Occurs" clause sets forth the Plaintiffs obligations to properly submit a claim under the Policy. Farmers Mutual asserts that the Plaintiffs were required to notify it of their loss within ten days of the loss and within sixty days of the loss, to provide Farmers Mutual with "a proof of loss, signed and sworn to by [the Plaintiffs] stating the knowledge and belief of the Plaintiffs as to the following: the time and origin of the loss, the interest of [the Plaintiffs] and all others in the property, the amount of the loss on each crop insured, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, location, or insurable interest of said property since the issuing of [the Policy]."

The Suit clause of the Policy sets the following conditions precedent to the Plaintiffs filing a lawsuit against Farmers Mutual to collect under the Policy: "No suit or action on this policy for the recovery of any claim against [Farmers Mutual] shall be sustainable in any court of law or equity unless all requirements of this policy shall have been fulfilled."

On September 24-25, 2005, the Plaintiffs allegedly sustained a covered loss due to hail damage. The first Plaintiffs provided the first required notice to Farmers Mutual within ten days but did not submit a proof of loss within sixty (60) days of the loss. Farmers Mutual claims that because the proof of loss was not provided, it set its file on these claims aside and did no further work to investigate the claims believing that the first Plaintiffs had decided to no longer pursue them. Farmers Mutual claims that Plaintiffs failure to follow the terms of the Policy, along with their lack of proof to support their claims, entitle it to the entry of summary judgment in its favor.

The first Plaintiffs contend that notice of loss was given within ten days as required by the Policy and that Farmers Mutual's denial of the claim within the month following the loss based on its contention that the loss was not caused by the covered peril of hail, as well as Farmers Mutual's failure to provide proof of loss forms to the Plaintiffs results in a waiver of the policy requirements relative to the filing of a proof of loss.  Further, Plaintiffs submit that genuine issues of material fact preclude the entry of summary judgment.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not

> contain such an issue and to identify that part of the record which
> bears out his assertion. Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent's burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue. If the respondent fails to carry that
> burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

It is undisputed that the first Plaintiffs provided the first required notice to Farmers Mutual within ten days of the alleged loss but did not submit a proof of loss within sixty (60) days. Farmers Mutual argues that the failure to timely provide the sworn proof of claim within sixty (60) days is a violation of the conditions precedent of the Policy and precludes a finding of coverage under the Policy.

The Eighth Circuit Court of Appeals recently examined Arkansas law and held that language similar to the language used in the Policy at issue makes the giving of notice a condition precedent to coverage under a policy. Further, Arkansas law does not require a showing of prejudice to the insurer when the insured fails to give the insurer notice of loss, and the giving of notice was a condition precedent to coverage. *AIG Centennial Ins. Co. v. Fraley-Landers*, 450 F.3d 761 (8th Cir. 2006). But, an insurance company by its conduct may waive the requirements of proof of loss. *Farmers Union Mut. Ins. Co. v. Denniston*, 237 Ark. 768, 376 S.W.2d 252 (1964). "Additionally, . . . [i]t is well settled that the denial of liability by the insurer

4

is effective as a waiver of formal proof of loss." *Colonial Life and Accident Ins. Co. v. Whitley*, 10 Ark. App. 304, 664 S.W.2d 488 (1984), *see also, Decker v. Government Employees Ins. Co.*, 511 F. Supp 563, 564 (1981) ("It is well settled that when an insurer . . . denies liability or refuses to pay, such conduct constitutes a waiver of policy requirements as to notice and proofs of loss when such denial is not predicated on insured's failure to give notice or file proofs of loss.")

The record demonstrates that following the storms of September 24-25, 2005 the first Plaintiffs contacted their respective agents to report hail damage claims. (Robertson Dep. 29:10-18, December 9, 2008)(Dreher Dep. 33: 14-25, 34:1-6, December 9, 2008)(Downen Dep. 20:10-19, December 11, 2009) (Bottoms Dep. 20:7-19, December 9, 2009). After the insurance adjusters looked at the cotton, the first Plaintiffs' testimony reflects that the adjusters stated that they did not find hail damage and requested the Plaintiffs sign a withdrawal of claim. (Robertson Dep. 29:21-25, 30:1-21, December 9, 2008)(Dreher Dep. 34: 5-25, 35:1-25, 36:1-12, December 9, 2008) (Downen Dep. 23:24-25, 24: 1-24, December 11, 2009).

The Court finds that the first Plaintiffs have presented sufficient proof to create a genuine issue of material fact as to whether Farmers Mutual waived the Policy requirement of proof of loss by denying coverage for the loss. Having found that summary judgment is improper on this ground, the Court declines to rule on the remaining arguments set forth by the first Plaintiffs.

By separate Order, the Court has denied Farmers Mutual's motions in limine seeking to exclude the testimony of Messrs. Earnest, Foresman and Lee. The Court finds that the testimony of these individuals creates a genuine issue of fact precluding the entry of summary judgment with respect to whether Plaintiffs' crops suffered hail damage.

Finally, Farmers Mutual argues that the Plaintiffs' breach of contract claims should be dismissed because the Plaintiffs cannot meet their burden of proof with respect to the amount of damages they allegedly sustained. Farmers Mutual challenges the calculation of damages used by R & J Farms Partnership because it calculates its damages by comparing the average yield of the field in the 2005 crop year to the average yield of its field in the 2002 - 2004 crop years.  Farmers Mutual challenges the remaining first Plaintiffs' damage calculations arguing that the attempt to prove their damages by comparing the 2005 yield of their allegedly damaged farms to the 2005 yield of other undamaged farms does not rise beyond the speculative level unless the comparator farms are "nearby."

In order to prove crop damage, the Arkansas Court of Appeals has held that "evidence as to the average yield per acre for the prior years is not reliable in computing damages in light of weather conditions and other factors that vary annually." *McCorkle Farms, Inc. v. Thompson*  79 Ark.App. 150, 164, 84 S.W.3d 884, 892 (Ark.App.,2002), citing, *J.L. Wilson Farms, Inc. v. Wallace*, 267 Ark. 643, 590 S.W.2d 42 (Ark. App. 1979).  However, "a comparison between the yield from the damaged land and the yield from adjacent but undamaged land during the same season, for the same crop, [is] substantial evidence to support an award of damages." *Id.*

The Court will limit testimony and evidence of crop damage accordingly.  Further, the Court will determine at the time of trial if Plaintiffs have presented sufficient evidence of comparison crops during the same season to support their claims for damages.  The Court cannot state at this time that no genuine issue remains on the issue of damages.

Wherefore, the motion for summary judgment, document #87 is denied as to Robertson Brothers Farms, Round Lake Planting Company, DE & K Farms Partnership, R & J Farms

Partnership, by partner Ricky Downen and Leo Bottoms .

IT IS SO ORDERED this 9th day of June, 2010.

_____
James M. Moody
United States District Judge