IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


ROBERTSON BROTHERS
FARMS, ET. AL.                                                        PLAINTIFF



VS.                          NO.  5:08CV0332 JMM - LEAD CASE
                             Consolidated with 5:08CV00333 & 5:08CV00334


FARMERS MUTUAL HAIL
INSURANCE COMPANY                                                    DEFENDANT
                              ORDER

        Pending is the second motion for summary judgment filed by Farmers Mutual Hail

Insurance Company ("Farmers Mutual").  (Docket # 89).  Plaintiffs have filed a response,

Farmers Mutual has filed a reply and Plaintiffs have filed a sur-reply.

                                    Facts

        In 2005, Plaintiffs each purchased a crop hail insurance policy from Farmers Mutual

(collectively, "the Policy").  The Policy was issued to Plaintiffs for the policy period including

September 24-25, 2005.  On September 24-25, 2005, the Plaintiffs allegedly sustained a covered

loss due to hail during the storms associated with Hurricane Rita.   Plaintiffs claim that the hail

associated with the Rita Storms caused damage to Plaintiffs' mature cotton crops.  Plaintiffs

contend that each made claims for damage which were ultimately denied by Farmers Mutual.

Plaintiffs' complaint alleges claims for breach of contract and bad faith arising from these losses.

Specifically, Plaintiffs argue that Farmers Mutual committed bad faith during the adjustment

process by making little or no effort to determine if it had hailed; utilizing bogus methods and

techniques to assess the existence of possible hail damage; concealing important information

from the farmer Plaintiffs and destroying evidence relevant to the Plaintiffs' claims.

Farmers Mutual argues that summary judgment is proper on Plaintiffs' bad faith claims in part based upon the statute of limitations. The Court finds that the statute of limitations bars Plaintiffs' bad faith claims, accordingly, the Court will not address the additional arguments supporting summary judgment argued by Farmers Mutual.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged,

and, if the record in fact bears out the claim that no genuine dispute
exists on any material fact, it is then the respondent's burden to set
forth affirmative evidence, specific facts, showing that there is a
genuine dispute on that issue.  If the respondent fails to carry that
burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson*, 477 U.S. at 248.

## Discussion

Bad faith is an actionable tort in Arkansas.  *Aetna Casualty & Surety Co. v. Broadway

Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1984).  To establish a claim of bad faith, the insured

must demonstrate "affirmative misconduct by the insurance company, without a good faith

defense, and that the misconduct must be dishonest, malicious, or oppressive in an attempt to

avoid its liability under an insurance policy."  *Id.* 664 S.W.2d 465.  The Arkansas three year

statute of limitations is applicable to tort actions.  Ark. Code Ann. §16-56-105.  The Arkansas

Supreme Court has applied this three year statute of limitations to bar a claim of first party bad

faith against an insurance company.  *First Pyramid Life Ins. Co. v. Stoltz*, 311 Ark. 313, 317, 843

S.W.2d 842, 844 (1992).  Farmers Mutual investigated Plaintiffs' claims and denied all claims by

the end of  October, 2005.  Plaintiffs first alleged bad faith in the amended and substituted

complaint filed on June 29, 2009.

The pertinent legal principles are well established regarding the application of the statute

of limitations.  The limitations period begins to run, in the absence of concealment of the wrong,

when the wrong occurs, not when it is discovered.  *Gibson v. Herring*, 63 Ark. App. 155, 975

S.W.2d 860 (Ark. App. 1998). However, affirmative acts concealing the cause of action will bar the start of the statute of limitations until the time when the cause of action is discovered or should have been discovered by reasonable diligence. *O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997). A plaintiff's ignorance of his rights or the "mere silence of one who is under no obligation to speak will not toll the statute." *Gibson v. Herring,* 975 S.W.2d at 158. "There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself." *Id*., citing *Wilson v. General Electric Capital Auto Lease, Inc*., 311 Ark. 84, 841 S.W.2d 619 (1992). Although the question of fraudulent concealment is normally a question of fact that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion a trial court may resolve fact issues as a matter of law. *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998).

When the running of the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading this defense. *Stoltz*, 843 S.W.2d at 317. However, if it is clear from the face of the complaint that the action is barred by the applicable statute of limitations, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was tolled. *Id*.

Plaintiffs argue that the limitations period is tolled by the active concealment and destruction of evidence by Farmers Mutual and based upon a special relationship which existed between the adjusters and the Plaintiffs which created an affirmative duty on the part of the adjusters to advise them of their claims. The Court disagrees. Plaintiffs were clearly aware of their claims following the Rita storms as they made claims for hail damage. The Defendant

adjusters did nothing which concealed the causes of action or which prevented Plaintiffs from

investigating, photographing and preserving evidence of their claims.  If the adjusters committed

the acts about which Plaintiffs complain, there is no reason that they could not have discovered

such acts with the exercise of reasonable diligence.  Further, even if the Court were to find a

special relationship of trust existing between the farmers and the adjusters, the adjusters did

nothing which concealed the Plaintiffs' damages.  Plaintiffs were aware of the alleged hail

damage, the statute of limitations cannot be tolled based upon the adjusters failure to tell the

Plaintiffs that which they already knew.  *See, Barre v. Hoffman*, _____ S.W.3d, 2009 Ark. 373,

2009 WL 1810903 (2009).

The Court finds that the three year statute of limitations applicable to causes of action for

tort bars Plaintiffs' claims for bad faith.  Accordingly, the motion for summary judgment,

document #89 is GRANTED.

IT IS SO ORDERED this15th day of June, 2010.


_____
James M. Moody
United States District Judge