**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


**ROBERTSON BROTHERS**
**FARMS, ET. AL.**                                                                    **PLAINTIFF**


**VS.**                              **NO.  5:08CV0332 JMM - LEAD CASE**
                                   **Consolidated with 5:08CV00333 & 5:08CV00334**


**FARMERS MUTUAL HAIL**
**INSURANCE COMPANY**                                                    **DEFENDANT**
                                   <u>**ORDER**</u>

        Pending is the first motion for summary judgment filed by Farmers Mutual Hail Insurance

Company ("Farmers Mutual").  (Docket # 87).  Plaintiffs have filed a response, Farmers Mutual

has filed a reply and Plaintiffs have filed a sur-reply.  The Court entered an Order on May 18,

2010 severing the trials in this case.  By Order entered June 9, 2010, the Court denied Farmers

Mutual's first motion for summary judgment with respect to the claims of Robertson Brothers

Farms, Round Lake Planting Company, DE & K Farms Partnership, R & J Farms Partnership, by

partner Ricky Downen and Leo Bottoms ("the first Plaintiffs").  The Court will address the

motion for summary judgment with respect to the claims of Allan Rands; H & S Farms

Partnership, by partner Shawn Spainhouer; H.D. & Carolyn Spainhouer, by partner H.D.

Spainhouer; L & S Farm Partnership, by partner Larry Petty; Ken C. Holt Jr. Farm Partnership,

by partner Kenneth Holt, Jr.; David Cox, doing business as David Cox Farms; Steve Stevens,

doing business as S & D Farms; C.B. Stevens Farms, Inc.; Vonda Stevens Kirkpatrick, doing

business as Rondo Farms;  Jonathan Oldner, doing business as Jonathan Oldner Farms; and, Kirk

Hill. ("the second Plaintiffs") herein.

<u>Facts</u>

In 2005, Plaintiffs each purchased a crop hail policy from Farmers Mutual (collectively, "the Policy"). The Policy was issued to Plaintiffs for the policy period including September 24-25, 2005.

The Agreement to Insure clause of the Policy states: "In consideration of the premium specified and subject to the policy provisions, [Farmers Mutual] does insure [Plaintiffs] against all direct loss by hail . . . to only the specified growing crops on the premises described, in the amount and for the term, all as stated in the Declarations portion of this policy, effective from the date and hour fixed in the application."

The "Requirements in Case Loss Occurs" clause sets forth the Plaintiffs obligations to properly submit a claim under the Policy. Farmers Mutual asserts that the Plaintiffs were required to notify it of their loss within ten days of the loss and within sixty days of the loss, to provide Farmers Mutual with "a proof of loss, signed and sworn to by [the Plaintiffs] stating the knowledge and belief of the Plaintiffs as to the following: the time and origin of the loss, the interest of [the Plaintiffs] and all others in the property, the amount of the loss on each crop insured, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, location, or insurable interest of said property since the issuing of [the Policy]."

The Suit clause of the Policy sets the following conditions precedent to the Plaintiffs filing a lawsuit against Farmers Mutual to collect under the Policy: "No suit or action on this policy for the recovery of any claim against [Farmers Mutual] shall be sustainable in any court of law or equity unless all requirements of this policy shall have been fulfilled."

On September 24-25, 2005, the Plaintiffs allegedly sustained a covered loss due to hail damage.  The second Plaintiffs provided the first required notice of loss to Farmers Mutual within ten days but each subsequently executed a Withdrawal of Claim form which stated in part:

> NOW THEREFORE, having read the above, and with full knowledge that this withdrawal of claim will result in the relinquishment of a valuable right of [Farmers Mutual] to obtain impartial evidence of damage or absence of damage at a time when it could be definitely ascertained, the undersigned INSURED hereby withdraws and releases [FARMERS MUTUAL] from any liability for and waives the claim referred to above, being convinced and having agreed, after inspection, that there is no measurable hail damage that can be attributed to that storm or any subsequent storm to the date of this agreement.

Farmers Mutual claims that after obtaining a Withdrawal of Claim, it set its file on these claims aside and did no further work to investigate the claims.  Further, these Plaintiffs never notified Farmers Mutual that they had decided to attempt to renew their claims or rescind their withdrawals.  Farmers Mutual claims that Plaintiffs failure to follow the terms of the Policy, along with their lack of proof to support their claims, entitle it to the entry of summary judgment in its favor.

The second Plaintiffs contend that notice of loss was given within ten days as required by the Policy and that the release or withdrawal relied upon by Farmers Mutual does not bar their claims.  Plaintiffs claim that they were induced to sign the withdrawals based on representations made by the Defendants' adjusters, the withdrawals are not supported by consideration and are contracts of adhesion.  Further, Plaintiffs argue that Farmers Mutual did not rely on these withdrawals to support their subsequent actions as it treated these Plaintiffs the same as plaintiffs who did not execute withdrawals.  Plaintiffs submit that genuine issues of material fact preclude

3

the entry of summary judgment.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

It is undisputed that the second Plaintiffs provided the first required notice of loss to Farmers Mutual within ten days of the alleged loss but subsequently executed a Withdrawal of Claim Form.  Farmers Mutual claims that it relied on these withdrawals, the Plaintiffs failure to renew their claims and the fact that the Plaintiffs failed to timely provide the sworn proof of claim within sixty (60) days to set aside its claim files and cease any investigation into the claims.  Farmers Mutual argues that the withdrawal of claim forms and violations of the conditions precedent of the Policy preclude a finding of coverage under the Policy.

In the Court's Order denying summary judgment as to the first Plaintiffs entered June 9, 2010, the Court set forth the following statement of the law governing Farmers Mutual's proof of loss argument:

> The Eighth Circuit Court of Appeals recently examined Arkansas law and held that language similar to the language used in the Policy at issue makes the giving of notice a condition precedent to coverage under a policy.  Further, Arkansas law does not require a showing of prejudice to the insurer when the insured fails to give the insurer notice of loss, and the giving of notice was a condition precedent to coverage.  *AIG Centennial Ins. Co. v. Fraley-Landers*, 450 F.3d 761 (8th Cir. 2006).  But, an insurance company by its conduct may waive the requirements of proof of loss.  *Farmers Union Mut. Ins. Co. v. Denniston*, 237 Ark. 768, 376 S.W.2d 252 (1964). "Additionally, . . . [i]t is well settled that the denial of liability by the insurer is effective as a waiver of formal proof of loss." *Colonial Life and Accident Ins. Co. v. Whitley*, 10 Ark. App. 304, 664 S.W.2d 488 (1984), *see also, Decker v. Government Employees Ins. Co.*, 511 F. Supp 563, 564 (1981) ("It is well settled that when an insurer . . . denies liability or refuses to pay, such conduct constitutes a waiver of policy requirements as to notice and proofs of loss when such denial is not predicated on insured's failure to give

5

notice or file proofs of loss.")

The record demonstrates that following the storms of September 24-25, 2005 the second Plaintiffs each contacted Kathy Ferguson to report their hail damage claims. After the insurance adjusters looked at the cotton, the second Plaintiffs' testimony reflects that the adjusters stated that they did not find hail damage and requested the Plaintiffs sign a withdrawal of claim. Plaintiff Kirk Hill testified that he was told by the adjuster that the withdrawal of claim form was "to show [the adjuster's] boss that he'd been there." (Hill Dep. 31:13-15, December 6, 2009). Plaintiff Ken Holt testified that he signed the withdrawal of claim form after the adjusters told him there was no hail damage, he relied on the adjusters as experts. (Holt Dep. 42: 24-25, 43:1-20, December 7, 2009). Plaintiff Jonathan Oldner testified that the adjusters were in a hurry and told him he had to sign the document to get insurance the next year. ( Oldner dep. 43:21-25, 44:1-13, December 9, 2009). Plaintiff Larry Petty testified that he refused to sign the withdrawal form at first, but signed the form after he was told that it was not legally binding and "it was just more or less to acknowledge that [the adjuster had] been there and looked at it" (Petty Dep. 32:19-25, 33:1-12, December 10, 2009). Plaintiff Allen Rands testified that he signed the form in reliance on the adjusters' statement that there was no hail damage. (Rands Dep. 46:20-25, 47:18-25, December 8, 2009). Plaintiffs Shane and H.D. Spainhouer and Steve Stevens testified that they signed the withdrawal of claim form after the adjusters represented that they needed the form to show that they had been to the farms and that the agreement would not prevent the farmers from pursuing their claims. (Spainhouer, Shane Dep. 14: 17-25, 42:1-6, December 8, 2009) (Spainhouer, H.D. Dep. 67:9-24, December 10, 2009) (Stevens Dep. 62:7-25, 63:1-11, December 11, 2009). Plaintiff David Cox testified that he signed the form after the

6

adjusters told him that there had been no hail damage and that the adjusters needed the signed

form  to show that they had come to his farm.  (Cox Dep. 32:2-25, 33:1-5, December 11, 2009).

The Court finds that the second Plaintiffs have presented sufficient proof to create a

genuine issue of material fact as to whether Farmers Mutual waived the Policy requirement of

proof of loss by denying coverage for the loss at the time the adjusters inspected the Plaintiffs'

fields.  The Court finds that the Withdrawal of Claim Form has no binding effect as

the farmers have presented sufficient evidence that they believed the claims to have been denied

at the time of the inspection and that they were induced to sign the agreements based upon false

statements made by the adjusters.  Finally, Farmers Mutual did not rely on the Withdrawal of

Claim Form as evidenced by the testimony of Larry Ewart, Vice-President Claims Manager.  Mr.

Ewart stated that the inspection and adjustment of a claim is the same for those who sign a

release or withdrawal and those who do not.  Mr. Ewart agreed that there "wouldn't be anything

different or additional done " on the claims.  Ewart Dep. 51:25, 52:1-11, January 14, 2010).

By separate Order, the Court has denied Farmers Mutual's motions in limine seeking to

exclude the testimony of Messrs. Earnest, Foresman and Lee.  The Court finds that the testimony

of these individuals creates a genuine issue of fact precluding the entry of summary judgment

with respect to whether Plaintiffs' crops suffered hail damage.

Finally, Farmers Mutual argues that the Plaintiffs' breach of contract claims should be

dismissed because the Plaintiffs cannot meet their burden of proof with respect to the amount of

damages they allegedly sustained. Farmers Mutual challenges the calculation of damages used by

Ken C. Holt, Jr. Farm Partnership and Kirk Hill because they calculate damages by comparing

the average yield of the field in the 2005 crop year to the average yield of their fields in the 2002

- 2004 crop years.  Farmers Mutual challenges the calculation of damages used by H & S Farms

Partnership and  H.D. & Carolyn Spainhouer Farms because they calculate damages by

comparing the average yield of their respective fields in the 2005 crop year to the average yield

of their fields in the 2004 crop year.  Farmers Mutual challenges the remaining Plaintiffs'

damage calculations arguing that the attempt to prove their damages by comparing the 2005 yield

of their allegedly damaged farms to the 2005 yield of other undamaged farms does not rise

beyond the speculative level unless the comparator farms are "nearby."

In order to prove crop damage, the Arkansas Court of Appeals has held that "evidence as

to the average yield per acre for the prior years is not reliable in computing damages in light of

weather conditions and other factors that vary annually."  *McCorkle Farms, Inc. v. Thompson*  79

Ark. App. 150, 164, 84 S.W.3d 884, 892 (Ark. App. 2002), citing, *J.L. Wilson Farms, Inc. v.*

*Wallace*, 267 Ark. 643, 590 S.W.2d 42 (Ark. App. 1979).  However, "a comparison between the

yield from the damaged land and the yield from adjacent but undamaged land during the same

season, for the same crop, [is] substantial evidence to support an award of damages."  *Id.*

The Court will limit testimony and evidence of crop damage accordingly.  Further, the

Court will determine at the time of trial if Plaintiffs have presented sufficient evidence of

comparison crops during the same season to support their claims for damages.  The Court cannot

state at this time that no genuine issue remains on the issue of damages.

Wherefore, the motion for summary judgment, document #87 is denied as to Allan

Rands; H & S Partnership, by partner Shawn Spainhouer; H.D. & Carolyn Spainhouer, by partner

H.D. Spainhouer; L & S Partnership, by partner Larry Petty; Ken C. Holt Jr. Farm Partnership, by

partner Kenneth Holt, Jr.; David Cox, doing business as David Cox Farms; Steve Stevens, doing

business as S & D Farms; C.B. Stevens Farms, Inc.; Vonda Stevens Kirkpatrick, doing business

as Rondo Farms;  Jonathan Oldner, doing business as Jonathan Oldner Farms; and, Kirk Hill

IT IS SO ORDERED this 12th day of April, 2011.


James M. Moody
United States District Judge